## Zoller Trust

*Edmund W. Ridall, Jr.*, for accountants.
*Richard L. Kelly*, for Commonwealth.

McKENNA, *P. J.*, September 10, 1974—The trustees' petition for distribution filed herein asks us to construe certain provisions in decedent's last will and testament.

Henrietta Zoller died on February 5, 1969, leaving her will dated August 17, 1950. This creates a trust, the terms of which are hereinafter discussed. On April 16, 1974, the trustees, Milton G. Hulme and Pittsburgh National Bank, filed a first and final account of their administration. This shows receipts of $1,111,382.18, disbursements of $838,709.10, and a balance for distribution of $272,673.08.

Decedent's will makes several bequests of items of personalty and then it provides, in paragraph fourth, for distribution of the residue of the estate to the trustees on these terms:

"Said Trustees shall collect therefrom all ex-

penses and charges of the Trustees in the management of the Trust, shall divide the annual net income plus five per cent of the net principal value of the estate into fifty equal shares and shall make quarterly distribution of said shares as follows: to my sister, Anna Pearly Riester, five and one-half shares, to my nephew, Edward Riester, five shares . . ."

Nine additional beneficiaries are named. They receive either one and one-half or five shares.

There follow in said paragraph certain directives as to the shares of beneficiaries dying during the continuance of the trust which need not be quoted here.

Paragraph fifth of the will reads:

"Fifth: Fifteen years after the date of my death, the Trustees shall distribute all the remaining assets among the then beneficiaries under this my Will."

Thus, decedent directed distribution of five percent of the principal of her trust estate each year for 15 years to certain beneficiaries. At the end of that period, she expected that 75 percent of her estate would have been distributed. The remaining 25 percent of the trust was then payable as directed in paragraph fifth.

There are two methods of determining the amount to be paid each year.

First, the trustees could divide the trust as it existed at the inception of the estate into 20 shares and distribute one share each year for 15 years.

Second, the trustees could revalue the trust principal at the time of each distribution and pay to beneficiaries 1/20th of the principal at that time.

The trustees construed the will to mean that five percent of the estate as originally constituted

should be distributed each year for 15 years. We concur in this construction, as we find this will to be in conformance with the plan expressed by testatrix in her will. However, the trustees held back some principal, probably as a hedge against deflation of securities. The estate decreed to the trustees amounted to $872,558.92. Instead of paying out 1/20th of that sum, the trustees rounded it to $800,000. and paid to the beneficiaries 75 percent (five percent times 15 years) over the designated period. This amounts to $600,000. and distribution of this sum is shown in the trustees' account. The trustees now ask that the deficiency be made up to the beneficiaries.

As we agree with the trustees' method of distribution, a decree will be entered in accordance with their request.

The trustees further ask that the estates of deceased beneficiaries be awarded simple interest on the undistributed balances of principal due them year by year. The living beneficiaries have received all of the net income earned by the trust quarter-annually, so no interest need be paid on their shares. We agree that interest should be paid to the estates of deceased beneficiaries, and set the rate thereon at five percent per annum.

A further question was presented to the court at the audit of the account. Under paragraph fifth of the will, testatrix directs distribution at the end of the 15-year period to "the then beneficiaries under this my will." This is susceptible of two interpretations: first, a per capita distribution, and second, a distribution in accordance with the number of shares awarded by testatrix to the several beneficiaries in paragraph fourth. We have no hesitancy in determining that testatrix intended that

the remaining 25 percent of her estate go to the beneficiaries, in accordance with the shares stated by her in paragraph fourth. A reading of the entire will makes this clear. We find nothing that would indicate that testatrix intended the beneficiaries to receive different proportions of 25 percent of her estate than they received in 75 percent.

Accordingly, it will be decreed that, as to the remaining principal of the trust estate, the same will be distributed among the beneficiaries under the will in the same proportions as stated by testatrix.